NOT DESIGNATED FOR PUBLICATION

No. 120,392

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PATRICK ALLEN ATCHISON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; MARK S. BRAUN, judge. Opinion filed August 2, 2019. Affirmed.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Jodi Litfin*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., HILL and BUSER, JJ.

PER CURIAM: Defendant Patrick Atchison contends the Shawnee County District Court erred in revoking his probation for a felony eluding law enforcement conviction under K.S.A. 2018 Supp. 8-1568 and ordering him to serve the prison sentence. We see no abuse of discretion on the district court's part given that Atchison committed a new crime shortly after he received a downward dispositional departure to probation and, therefore, affirm.

1

In May 2018, Atchison pleaded guilty to one count of eluding police, a severity level 9 felony. Atchison had a criminal history score of B, and the crime carried a presumptive imprisonment sentence of 13 to 15 months. The district court sentenced Atchison to 14 months in prison with a 12-month term of postrelease supervision but found that he had accepted responsibility for his actions and granted him a downward dispositional departure to probation. The district court placed Atchison on probation for 12 months under the supervision of Community Corrections.

Just three days after being placed on probation, Atchison was arrested after driving his vehicle into a pond as he was again trying to elude the police. The State promptly filed a motion for an order to show cause why Atchison's probation should not be revoked. At the hearing on the motion, Atchison admitted to the violation. Atchison also admitted he failed to report to his probation officer even though the State had not formally alleged that violation. The district court found that Atchison had violated his probation based on those admissions.

The State asked the district court to revoke Atchison's probation and impose the underlying prison sentence. In support of its request, the State pointed out Atchison violated his probation by committing the same crime for which he just been placed on probation. Atchison requested the district court allow him to undergo inpatient treatment for alcohol and drug dependence and to delay disposition until after he completed treatment. Atchison had his lawyer read a statement expressing his remorse and outlining a lack of self-esteem he attributed to his substance abuse. Atchison also provided the district court with a copy of his Regional Alcohol and Drug Assessment Center (RADAC) screening report.

The district court declared on the record that it had reviewed the RADAC report, the presentence investigation report, and the underlying sentence Atchison had received. The district court summarized Atchison's criminal history and then revoked Atchison's

2

probation and imposed the underlying sentence. The district court emphasized the significance of Atchison violating probation immediately after a departure had been granted and noted the public safety concern with the underlying crime and its repetition just days after the sentencing hearing. The district court concluded by making a recommendation that Atchison receive treatment to the extent possible while in the custody of the Kansas Department of Corrections.

On appeal, Atchison does not dispute he received a downward dispositional departure or that he violated the terms of his probation by committing a new crime. Atchison argues only that the district court abused its discretion in refusing to continue him on probation, thereby depriving him of another opportunity to succeed.

Probation is an act of judicial leniency afforded a defendant as a privilege rather than a right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). A district court's decision to revoke probation usually involves two steps: (1) a factual determination that the probationer has violated a condition of probation; and (2) a discretionary determination as to the appropriate disposition in light of the proved violations. *State v. Skolaut*, 286 Kan. 219, Syl. ¶ 4, 182 P.3d 1231 (2008). After a violation has been established, as Atchison stipulated to here, the decision to continue probation or to revoke and incarcerate the probationer rests within the sound discretion of the district court. See *Skolaut*, 286 Kan. at 227-28. Judicial discretion has been abused if a decision is arbitrary, fanciful, or wholly unreasonable or rests on a substantive error of law or a material mistake of fact. *State v. Cameron*, 300 Kan. 384, 391, 329 P.3d 1158 (2014). Atchison carries the burden of showing that the district court abused its discretion. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Atchison concedes the district court had the statutory authority to revoke his probation and send him to prison. See K.S.A. 2018 Supp. 22-3716(c)(8)(A), (9)(B). And he does not contend the district court mistook the relevant facts. Rather, Atchison argues

that the district court's imposition of the underlying sentence would not benefit the community or solve his problems with depression and addiction. Ultimately, Atchison argues the district court's decision to send him to prison was so extreme that no reasonable judicial officer would come to that conclusion under the circumstances. We disagree.

Atchison has shown his inability to comply with the most basic terms of probation. Atchison violated his probation by committing the same crime for which he was on probation. While fleeing police, Atchison demonstrated just how dangerous his behavior is when he drove his vehicle into a pond before being apprehended. Atchison's argument that imposition of the underlying sentence will work against his rehabilitation clearly ignores other objectives behind the Legislature's penological scheme that include retribution, deterrence, and incapacitation. See *State v. Reed*, 51 Kan. App. 2d 107, 111, 341 P.3d 616 (2015) (citing *Graham v. Florida*, 560 U.S. 48, 71, 130 S. Ct. 2011, 176 L. Ed. 2d 825 [2010]). Atchison's performance on probation in this case showed a lack of concern for his own safety, the safety of law enforcement officers interacting with him, and the public at large. His criminal history demonstrated a distinct inability to conform to societal rules promoting the general welfare, despite significant punishment. Given all of those circumstances, we have no difficulty concluding that many district courts would have sent Atchison to prison to serve his underlying sentence rather than continuing to offer him leniency in light of his inability to comply with the most basic term of probation—remaining law abiding.

Affirmed.

4